**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-4792** |
| **RAFAEL ANGEL MUNOZ CINTRON MARGARITA CRISTINA CASALDUC CASALDUC** | **CHAPTER 13** |
| **Debtor(s)** | **FILED & ENTERED ON 03/02/2017** |

## OPINION & ORDER

Before the court is Debtors' *Motion for Reconsideration of Second Amended Motion for Stay Pending Appeal* [Dkt. No. 102]. Although Debtors fail to cite any of the required case law under Fed. R. Bankr. P. 7059, the court will forego the procedural and legal requirements of a motion for reconsideration and address the legal merits of the stay pending appeal requested by Debtors. For the reasons stated herein, the Debtors' motion is hereby DENIED

The standard for granting a stay pending appeal in the bankruptcy context are well established. A court has substantial discretion under Rule 8007 to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: (1) the petitioner is likely to prevail on the merits of its appeal;( 2) that without a stay, the petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶

-1-

117.11[2] at page 117-36 (Matthew Bender 2005). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn.1990). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005).

Debtors address all four factors in their motion but misconstrue the basis of the actions taken by the court. Debtors do not state any grounds with particularity upon which the requested relief is based. Furthermore, Debtors do not argue the specific basis upon which the District Court will conclude reversal is appropriate. Rather, the motion states what will occur if the stay is not issued, and express strongly that the court's determination of the dismissal of the case was incorrect. This court disagrees.

After considering Debtor's arguments, the court finds that a stay is not warranted in this instant case. "A stay is not a matter of right, even if irreparable injury might otherwise result." Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926).

SO ORDERED

San Juan, Puerto Rico, this 2nd day of March, 2017.


Brian K. Tester
U.S. Bankruptcy Judge